UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFF RAY MITCHELL,<br><br>                Plaintiff,<br><br>   v.<br><br>LEED HR, LLC and MICHAEL SCHROERING,<br><br>                Defendants. | Case No. 2:14-CV-00026-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. 16) and Motion to Strike Plaintiff's Sur-Reply (Dkt. 25).  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

# FACTUAL BACKGROUND

Plaintiff Jeff Mitchell (Mitchell) filed a Complaint in state court on November 26, 2013 (Dkt. 2-2) and a First Amended Complaint on December 10, 2013 (Dkt. 2-3). The First Amended Complaint alleges Defendant LEED HR, LLC (LEED) breached a consulting contract and seeks recovery under the contract from LEED and the personal guarantor, Michael Schroering (Schroering). *Id.* It is undisputed that Plaintiff is an Idaho resident and both defendants do business or reside in Kentucky. As indicated in the Notice of Removal, it is undisputed the amount in controversy exceeds $75,000 based on the claimed damages in the First Amended Complaint (Dkt. 1). Defendants maintain this Court lacks general or specific personal jurisdiction over them. Plaintiff argues Defendants consented to personal jurisdiction when the general appearance was filed in state court and there is factual support for specific jurisdiction under Idaho's long arm statute for personal jurisdiction.

Counsel for both named defendants filed a general notice of appearance in state court on January 17, 2014 (Dkt. 2-6). The matter was removed to Federal Court on January 21, 2014 (Dkt. 1). Counsel for Defendants moved to withdraw on February 6, 2014 (Dkt. 10) and that motion was granted by the Court on the same day (Dkt. 11) and new counsel appeared for Defendants on February 26, 2014 (Dkt. 13). New counsel requested and was granted an extension of time to file an answer (Dkts. 14 and 15). Defendants filed their motion to dismiss for lack of personal jurisdiction on March 20,

**MEMORANDUM DECISION AND ORDER - 2**

2014 (Dkt. 16).

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Boschetto v. Hansing*, 539 F.3d 1101, 1015 (9th Cir. 2008). The Idaho Supreme Court has determined that Idaho's long-arm statute (Idaho Code § 5-514) allows a broader application of personal jurisdiction than permitted under the Due Process Clause. *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997). Thus, the Court need only decide whether asserting personal jurisdiction complies with due process. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

There are two types of personal jurisdiction—general and specific. *Lake*, 817 F.2d at 1420. General jurisdiction is exercised by a state when personal jurisdiction is asserted over a "defendant in a suit not arising out of or related to the defendant's contacts with the forum." [Helicoptores Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 n. 9 (1984).](#) This occurs when the defendant has "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate physical presence.

**MEMORANDUM DECISION AND ORDER - 3**

[*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000)](#).

The parties eloquently argue the requirements for both types of jurisdiction, but the Court finds it does not need to decide whether Plaintiff has carried his factual burden for either general or specific jurisdiction, as Defendants waived their right to contest personal jurisdiction when their attorney filed a general notice of appearance in state court.

When a case is removed to federal court, the federal court takes case in the posture the case was in state court. *Jenkins v. Commonwealth Land Title Insurance Company*, 95 f.3d 791, 795 (9th Cir. 1996) ("[t]he longstanding principle is that 'after removal, the federal court 'takes the case up where the State court left off.'")(citations omitted). Therefore, the state court procedural rules applied to the case until the case was removed to federal court. Pursuant to Idaho Civil Rule of Procedure 4(i) (1) "[t]he voluntary appearance of a party or service of any pleading by the party, except as provided in subsection (2) hereof [special appearance to contest personal jurisdiction],constitutes voluntary submission to the personal jurisdiction of the court." The appearance filed in this case was a general notice of appearance and did not reserve the right to challenge personal jurisdiction. (Dkt. 2-6.) "Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion." *Jackson v. Hayakawa*, 682 F.2d 1344,1347 (9th Cir. 1982). That is what happened in this case. At the time the case was removed to federal court in January of 2014, Defendants had already voluntarily consented to personal jurisdiction in Idaho. Filing a motion to dismiss in federal court approximately two months after filing a

**MEMORANDUM DECISION AND ORDER - 4**

general appearance in state court cannot unwind the previously given consent to personal jurisdiction.

While it is true the civil rules in state court differ from the federal court, this Court cannot circumvent the state procedural rules that created a legal effect on the case prior to it being removed. Once removed the federal rules of civil procedure began to apply, but when the case was filed in state court, the state rules of civil procedure applied. Moreover, the Defendants consented to the application of Idaho law when they executed the contracts at issued in this case. Accordingly, the motion to dismiss for a lack of personal jurisdiction must be denied.

## MOTION TO STRIKE

The Court finds the motion to strike the sur-reply is not well-taken. New issues were arguably raised in the Defendants' reply brief that Plaintiff had not had an opportunity to respond to. The proper practice would have been for Plaintiff to move for leave to file the sur-reply *prior* to filing the sur-reply since the Local Rules do not allow a sur-reply as a matter of right. Dist. Idaho Loc. Civ. R. 7.1. Regardless, the determinative argument in this case regarding a waiver of personal jurisdiction in state court was raised

in Plaintiff's response to the motion to dismiss so Defendants were not prejudiced by the filing of the sur-reply. The motion to strike is denied.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 16) is DENIED.

2. Defendants' Motion to Strike (Dkt. 25) is DENIED.

DATED: **October 20, 2014**

Honorable Edward J. Lodge
U. S. District Judge